UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

No.          4:17CR00313-026 JLH

**WESLEY JUNIOR MEEKS**                                                                      **DEFENDANT**

**SENTENCING MEMORANDUM AND REQUEST FOR A DOWNWARD VARIANCE**

**Procedural History**

Mr. Meeks was charged with a conspiracy to possess with intent to distribute a controlled substance in violation of 21 USC § 846 and 21 U.S.C. § 841(a)(1), and (b)(1)B. The offense included conduct from January 2015 and concluding November 1, 2017. Mr. Meeks was arrested on December 14, 2017. He was released on his recognizance with conditions on the same day. Mr. Meeks pled guilty to a superseding indictment charging conspiracy to distribute a controlled substance in violation of 21 U.S.C. § 841.

The base offense level for the crime of conviction is 30. Application of the two-point adjustment for acceptance of responsibility results in an offense level of 28. Assuming defendant receives the 3rd point for acceptance of responsibility, his total offense level would be 27. The parties have agreed to enter a stipulation that Mr. Meeks be allowed to seek a two-level variance pursuant to 18 U.S.C. § 3553(f) if he qualifies under the recent revisions. Assuming Mr. Meeks is eligible, that would reduce his offense level to 25. It would also eliminate the application of the statutory mandatory minimum. With an offense level of 25 and criminal history category of III, the guidelines recommend a sentence of 70 to 87 months.

**Applicable Law**

Mandatory sentencing consistent with the guidelines are no longer required. *United Sates v Booker*, 543 U.S. 220 (2005). After Booker, the guidelines are only advisory. As pointed out in *Gall v. United States*, 552 U.S. 38 (2007), extraordinary circumstances are not necessary in order for the trial court to deviate- even very significantly- outside of the guidelines. The factors which should determine the actual sentence are addressed at 18 U.S.C. § 3553. The sentencing judge is to craft a sentence that is sufficient, but not greater than necessary, to comply with the purposes set out in the statute : (A)to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B)to afford adequate deterrence to criminal conduct; (C)to protect the public from further crimes of the defendant; and (D)to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. The Court is also charged with considering : (1) the nature and circumstance of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect paragraphs (a)-(d) above; (3) the kinds of sentences available; (4) the types of sentences and sentencing range established by the sentencing guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

**Request for a Variance**

Wesley Meeks is 30 years old. His presentence report reveals a horrendous childhood, rife with both neglect and active abuse, including narrowly escaping being murdered by his

father, along with his mother and sister. His father's abuse was tied into his own addiction issues. As is often the case, that childhood abuse was accompanied by a history of substance abuse beginning at a very young age. Alcohol use began at age 12; marijuana at age 13; cocaine at 16; methamphetamine at age 18.

Mr. Meeks has substantially overcome that upbringing and history. After his last state arrest, he completed Drug Court in Faulkner County. He then voluntarily entered the Gyst House in July of 2017. He has resided there ever since. Mr. Meeks was living in the Gyst House when he was arrested for the instant offense; all conduct related to this indictment occurred before he entered that program. Since entering the Gyst House, Mr. Meeks has never once tested positive for a controlled substance. By the time of sentencing he will have been clean and sober for over two years. That will be the longest period of sobriety for Mr. Meeks since he was 12 years old.

Mr. Meeks development since entering the program is not limited to simply avoiding use of drugs. He has completed the program at the Gyst House, but continues to reside there to further his recovery, and to aid others in theirs. Mr. Meeks has taken on a role as a mentor to others. As seen in the attached letters of support, he acts as a positive role model for the newer members of the program. He shares his story, he sponsors others, and he provides a role model to literally dozens of members. In letter after letter the other residents speak of common themes—his encouragement of others, the inspiration he provides through the way he has overcome the adversity of his childhood, his dedication to god, his dedication to his son, his positive attitude, and a desire to make the best of his situation no matter what comes.

Mr. Meeks is an official sponsor for some of the residents in the Gyst House, a "correspondent brother" to others, and a class leader. For everyone there he has been an example and an inspiration of just how much change is possible. Several of the residents look to him for the inspiration to one day reconnect with their own children. Mr. Meeks is working every day to break the cycle of addiction and make sure that his son has a positive role model instead of a negative one.

On behalf of Mr. Meeks a downward variance is requested on both the application of the safety valve, and in regard to his extraordinary efforts at rehabilitation, starting before he was even indicted. It is believed that the § 3553 factors could be adequately met with an alternative sentence in this case. Mr. Meeks is employed, living in a structured environment, and currently providing a valuable service to other people beginning the recovery process. A sentence of home confinement at the Gyst House would protect the public, as Mr. Meek's entire criminal history is based on his drug addiction. If he continues his sobriety, it is unlikely that he will ever reoffend. It is clear that he has thrived in this setting. Continuing here will be the most effective manner to continue his recovery. While this is a substantial departure from the guidelines, it is appropriate in light of Mr. Meek's history compared to his current personal characteristics. He has overcome one of the most traumatic childhood histories imaginable, and emerged with a positive outlook, ready to better himself and others.

**WHEREFORE**, defendant requests that the Court consider a downward variance and impose a non-guideline sentence in this case.

Respectfully submitted,

Wesley Meeks

By: <u>Jason D. Files, ABN 95232</u>
Law Office of Jason D. Files, PLLC
300 Spring St., Suite 1015
Little Rock, AR 72201
(501) 374-0616
jason@fileslaw.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served on all counsel of record via filing with the Court's electronic filing system.

//Jason Files